United States District Court
Southern District of Texas
**ENTERED**
April 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| TAMMY TRACY BAILEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. 6:24-CV-00045 |
| § | |
| SCOTT BERRYMAN, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 10). The M&R recommends that the Court remand this case to the 267th Judicial District Court, Goliad County, Texas due to lack of subject matter jurisdiction. *Id.* at 1. Plaintiff has filed written objections to the M&R. (D.E. 13).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)

1 / 3

(per curiam).

The M&R recommends that the Court remand this case "because there is no federal question and because the amount in controversy fails to satisfy the jurisdictional minimum." (D.E. 10, p. 7). Accordingly, the Court only considers what it understands as Plaintiff's objections to these conclusions.

With respect to federal question jurisdiction, Plaintiff asserts that federal claims "keep arising." (D.E. 13, p. 2). Specifically, she states that "many federal questions have arisen and [she] has raised them." *Id.* Plaintiff then points to "28 U.S.C. Section 2676(d) of the Federal Tort Claims" and a Seventh Circuit decision regarding pendent jurisdiction to assert that "federal jurisdiction over the third party claim . . . would warrant [abrogating Plaintiff]'s choice of forum and hearing the entire case in federal court." *Id.* at 3 (citing *Thomas v. Shelton*, 740 F.2d 478, 487 (7th Cir. 1984)). Plaintiff then also appears to assert a malicious prosecution claim, and other "federal issues not addressed in State Court." *See id.* at 3–6. However, as the M&R correctly concluded, "[Plaintiff]'s attempt to raise federal questions herself in the state case is not enough, nor is any defense or counterclaim arising from a federal question." (D.E. 10, p. 7) (first citing *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); and then citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). In other words, to establish federal question jurisdiction, Plaintiff must be able to show that the plaintiff in the state-court case brought a claim that presented a federal question. *Id.* Plaintiff's objections fail to point out a federal claim brought by the state-court plaintiff. Accordingly, the Court **OVERRULES** this objection.

Plaintiff also objects to the M&R's conclusion regarding diversity jurisdiction. (D.E. 13, p. 1–2). The M&R concluded that Plaintiff cannot invoke the Court's diversity jurisdiction because the state-court case does not meet the amount-in-controversy requirement. (D.E. 10, p. 8–9). As the M&R explained, Plaintiff removed a final, state-court judgment against her in the amount of $50,597.60 for breach of contract (plus $5,197.50 in attorney fees). *Id.* at 8. This does not meet the jurisdictionally-

required $75,000. *Id.* Plaintiff objects to this conclusion, directing the Court's attention to the "Application for the Writ of Sequestration" filed in the state-court case, which "lists the Controversial Amount of $41,699.03 and shows payments that were to be returned to [Plaintiff] of $9,201.37 . . . ." *Id.* at 1–2. Plaintiff argues that "the Court needs to add that to the amount in the Petition filed by [Defendant] in state court." *Id.* at 2.

Plaintiff's objection misses the M&R's critical point: the amount-in-controversy is determined based on the claims in the state-court petition as they existed at the time of removal. (D.E. 10, p. 8) (first citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); and then citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)). Applying that rule here, the amount-in-controversy is determined by the final state court judgment because Plaintiff removed this case *after* the state court had entered final judgment. *Id.* And, the final state-court judgment does not meet the $75,000 amount-in-controversy requirement. *Id.* Accordingly, the Court **OVERRULES** this objection.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 13), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 10). Accordingly, the Court **REMANDS** this case to the 267th Judicial District Court, Goliad County, Texas.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
    April 9, 2025